# Third District Court of Appeal

## State of Florida

Opinion filed July 22, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2210
Lower Tribunal No. F19-3068B
_____

**Zadiel Rivero,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Rier Jordan, P.A., and Jonathan E. Jordan, for appellant.

James Uthmeier, Attorney General, and Haccord J. Curry, Assistant Attorney General, for appellee.

Before SCALES, C.J., and LOGUE and GORDO, JJ.

GORDO, J.

Zadiel Rivero appeals a final order of conviction for murder in the second-degree. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A); 9.140(b)(1)(A). Rivero argues the trial court failed to grant his motion for judgment of acquittal because the state did not present evidence showing he possessed a depraved mind—his actions were instead an "impulsive overaction."

We disagree. It is well established that sufficient evidence to sustain a conviction exists if, after viewing the evidence in a light most favorable to the state, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt. Baxter v. State, 318 So. 3d 601, 603 (Fla. 3d DCA 2021). Section 782.04(2), Florida Statutes, defines second degree murder as:

> The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, is murder in the second degree….

Fla. Stat. 782.04(2).

An act which is imminently dangerous to another and evincing a depraved mind regardless of human life has been defined as "an act that (1) a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, (2) is done from ill will, hatred, spite, or an

2

evil intent, and (3) is of such a nature that the act itself indicates an indifference to human life." Billie v. State, 963 So. 2d 837, 841 n.3 (Fla. 3d DCA 2007) (internal citation omitted); see Peoples v. State, 251 So. 3d 291, 300 (Fla. 1st DCA 2018) ("[C]ertain acts are so obviously inherently dangerous and fit squarely within the legislature's definition of an act imminently dangerous to another and evincing a depraved mind regardless of human life[.]" (internal citations omitted)).  A depraved mind, including the requisite ill will, hatred, spite or evil intent may be inferred from the circumstances surrounding the offense and the defendant's conduct before and after the use of deadly force. See Finch v. State, 299 So. 3d 579, 580 (Fla. 1st DCA 2020) ("The requisite intent must generally be inferred from the circumstances and may be demonstrated by the defendant's conduct before and after his use of deadly force."); Kenyon v. State, 429 So. 3d 473, 484 (Fla. 4th DCA 2025) ("The required intent for the depraved-mind element may be inferred from the circumstances."); Peoples, 251 So. 3d at 303 ("Thus, the circumstances surrounding the fatal act can prove ill will, spite, hatred or evil intent…. Appellant's use of a deadly weapon to stab the victim [is] an act which itself could be sufficient to infer the requisite intent[.]").

While Rivero is correct that Florida courts have held that an "impulsive overaction" to an attack is insufficient to support a second-degree murder

3

conviction,[1] here sufficient evidence exists evincing Rivero's depraved mind. The video footage played for the jury shows Rivero waiting for the victim while armed, the two speaking calmly and Rivero suddenly tazing the victim without apparent provocation. After tazing and wrestling the victim to the ground, Rivero, the purported initial aggressor, proceeds to stab the unarmed victim over 30 times. Even after the victim escaped and entered his vehicle, an eyewitness testified that Rivero pursued the victim and said he did so to "finish what he started." See Baxter, 318 So. 3d at 604 ("We find, however, that the State presented competent, substantial evidence in the form of eye-witness testimony, photos, a cell phone camera video and video surveillance from which the jury could find the depraved mind element."); Perez v. State, 187 So. 3d 1279, 1282-83 (Fla. 1st DCA 2016) (holding that an "impulsive overreaction" defense succeeds only "where the defendants reacted to either an attack or a perceived imminent attack or were engaged in mutual physical fighting with the victims…. These cases essentially involved imperfect self-defense claims…. [here] Appellant's statement to [the victim] that he 'should have killed' him distinguishes the instant case from the 'impulsive overreaction' cases and suggests malice"); K.B. v. State, 594 So.

---

[1] See Sandhaus v. State, 200 So. 3d 112, 115 (Fla. 5th DCA 2016) ("[A]n impulsive overreaction to an attack or injury is itself insufficient to support a second degree murder conviction." (internal citations omitted)).

2d 825, 826 (Fla. 3d DCA 1992) (finding that a defendant who "initiated" a fight, "repeatedly stabbed the victim with a four-inch steak knife in the victim's stomach, face, and shoulder or neck," and "pursued the victim, who was severely injured and unarmed" in an attempt to "stab the victim again," were acts "imminently dangerous to another and evincing a depraved mind regardless of human life"); Reynolds v. State, 346 So. 3d 1256, 1258 (Fla. 1st DCA 2022) (finding sufficient evidence of ill will and evil intent where the defendant attacked a victim "who had made no threatening gestures" and "fatally slashed the defenseless man's throat"); Peoples, 251 So. 3d at 301 ("[T]he act of plunging a seven-inch knife more than six inches into another person's chest also fits squarely within the legislature's definition of an act imminently dangerous to another, showing a depraved mind with no regard for the victim's right to life."); Williams v. State, 244 So. 3d 1200, 1206 (Fla. 1st DCA 2018) ("Appellant decided ahead of time to arm himself…. it is reasonable to assume that Appellant was suspicious and primed for a fight[.]").

Rivero argues that because he testified to contradictory facts—there was somehow insufficient evidence of a depraved mind. Not so. The trial court correctly determined that the video evidence, testimony presented and other corroborative evidence were sufficient when viewed in a light most

5

favorable to the state to sustain a conviction for second-degree murder. See Finch, 299 So. 3d at 581 ("Because a reasonable jury could find that the evidence, viewed in a light most favorable to the State, established beyond a reasonable doubt that Appellant [killed] the victim with ill will, malice, hatred, spite, or evil intent, the trial court did not err by denying his motion for judgment of acquittal."); Peoples, 251 So. 3d at 303 ("[T]he evidence presented was sufficient to prove Appellant acted with ill will, hatred, evil intent or spite when he stabbed the victim.").

Affirmed.